UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIE S. MOMBRUN,

                Plaintiff,

-against-

THE NEW YORK HOTEL PENSION FUND
and MATTHEW E. KELERCHIAN,

                Defendants.

22 Civ. 4970 (PGG)

**ORDER OF SERVICE**

---

PAUL G. GARDEPHE, United States District Judge:

        Plaintiff, who is appearing pro se, brings this action under the court's federal question jurisdiction. The Court construes the complaint as asserting claims under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. By order dated July 6, 2022, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (Dkt. No. 3)

## DISCUSSION

        Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants New York Hotel Pension Fund and Matthew E. Kelerchian through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the New York Hotel Pension Fund and Matthew Kelerchian and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: July 11, 2022
New York, New York

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. The New York Hotel Pension Fund
   305 W. 44th Street
   New York, NY 10036

2. Matthew E. Kelerchian
   Retirement Services Manager, New York Pension Hotel Pension Fund
   305 W. 44th Street
   New York, NY 10036